IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| JANET LOPEZ, )<br>    Plaintiff, )<br>    )<br>    v. )<br>    )<br>WAWA, INC., )<br>    Defendant. )<br>_____) | Civil No. 3:15cv546 (DJN) |

## **MEMORANDUM OPINION**

This matter comes before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on Defendant's Motion for Summary Judgment, (ECF No. 11) in which Defendant moves for summary judgment on Plaintiff's negligence claim.

Janet Lopez ("Plaintiff") argues that Wawa, Inc. ("Wawa" or "Defendant") created an unsafe condition in its parking lot that caused her to fall and sustain injuries. Defendant argues that the condition complained of presented no danger, created no duty on its part to warn of an unsafe condition and that Plaintiff's own negligence contributed to her fall, precluding any liability on Defendant's part as a matter of law. Having reviewed the pleadings filed by the parties, and concluding that oral argument on the motion would not materially aid in the decision-making process, the Court GRANTS Defendant's Motion for Summary Judgment (ECF No. 11) for the reasons that follow.

### I. BACKGROUND

Plaintiff alleges that Defendant negligently designed and installed an unsafe curb and painted it with a paint unsafe for pedestrian areas, breaching its duty of care to its customers and causing her to fall. Defendant has now moved for summary judgment. When opposing a

properly asserted motion for summary judgment, the non-moving party bears the burden of offering evidence to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In doing so, both the Federal Rules of Civil Procedure and this Court's Local Rules impose the added burden of identifying such evidence with particularity. Fed. R. Civ. P. 56(c)(1)(A); E.D. Va. Loc. R. 56(B); *Campbell v. Verizon Va., Inc.*, 812 F. Supp. 2d 748, 759 n.5 (E.D. Va. 2011) (interpreting 2011 amendments to Rule 56(c)). Defendants have complied with the mandates of Rule 56 by providing a list of undisputed facts. (Def.'s Br. in Supp. of Mot. for Summ. J. ("Def.'s Br.") (ECF No. 12) at 1-3.)

In opposing Defendant's motion, Plaintiff did not cite with particularity to those portions of the record that would support the existence of a genuine dispute of material fact.[1] Plaintiff has submitted a mountain of evidence with her responses to Defendant's motion; however, Plaintiff does not point to any particular pieces within this mountain that create a genuine dispute of material fact. Instead, her responses largely contain argument and almost entirely rely upon the pleadings. Nevertheless, the Court endeavors to construe those facts in the light most favorable to Plaintiff as the non-moving party, including consideration of those facts that she appears to dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Viewing the evidence through such a lens, the following constitutes the undisputed and material facts for purposes of resolving Defendant's motion for summary judgment.

---

[1] Proceeding *pro se*, Plaintiff has not strictly complied with the requirements of Local Rule 56(B); nonetheless, "[a] document filed *pro se* is 'to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 994 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation and internal quotation marks omitted). Further, "[p]leadings must be construed to do justice." Fed. R. Civ. P. 8(d). "Principles requiring generous construction of *pro se* complaints are not, however, without limits . . . It does not require [district] courts to conjure up questions never squarely presented to them. District judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

This case arises from Plaintiff's fall in the parking lot of a Wawa store located at 10060 Jefferson Davis Highway, Fredericksburg, VA. (Pl.'s Decl. in Supp. of Opp. to Def.'s Br. in Supp. of Mot. for Summ. J. ("Pl.'s Br.") (ECF No. 18-1) at 3.)[2] The fall occurred at approximately 1:30 p.m. on April 8, 2013, a dry and sunny day. (Dep. of Janet Lopez, January 29, 2016 ("Pl.'s Dep.") (ECF No. 12-1) 31:9-17.) Plaintiff had visited this Wawa daily since it opened in 2006. (Pl.'s Dep. 33:7-16.) On this particular day, she parked next to a landscaped area bounded by a yellow curb. (Pl.'s Dep. 34:9-16.) She got out of her car and walked to the gas pumps to speak with a business associate, walking either around or across the landscaped area. (Pl.'s Dep. 37:1-24.) Walking to the gas pumps, she noticed the yellow curb. (Pl.'s Dep. 38:14-21.) Returning to her car, Plaintiff appreciated the slope to the curb and attempted to avoid stepping on it. (Pl.'s Dep. 46:5-23.) Plaintiff fell, but did not trip, when stepping off the curb. (Pl.'s Dep. 44:11-13, 45:21-22.)

The raised landscaped areas, including where Plaintiff fell, appeared on the drawing that the engineer and architect of record prepared for this Wawa store. (Aff. of Charlie Crim, P.E. ("Crim Aff.") ¶ 7.) The finished site complies with the plans submitted to Spotsylvania County, as verified by the County. (Crim Aff. ¶ 8.) Bright yellow traffic paint delineates the curb where Plaintiff fell. (Crim Aff. ¶ 10.)

On April 7, 2015, Plaintiff filed this action in Spotsylvania County Circuit Court, and Defendant timely removed the case to this Court. (Def.'s Notice of Removal (ECF No. 1).) On February 24, 2016, Defendant moved for summary judgment on the grounds that Plaintiff had

---

[2] Pages two and three, as they appear on ECF, appear to have been switched. This opinion will cite to the pages of Plaintiff's Brief using the page numbers that have been stamped by the Clerk's Office.

3

failed to make a showing that she slipped on an unsafe condition, and that her contributory negligence precludes her recovery as a matter of law. (Def.'s Br. at 4-6.)

## II. STANDARD OF REVIEW

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. In making this determination, the Court views the facts in the light most favorable to the non-moving party. *Id.* at 255.

When considering whether to enter summary judgment, the Court cannot weigh the evidence to enter a judgment, but simply must determine if a genuine issue exists for trial. *Greater Balt. Ctr. For Pregnancy Concerns v. Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (quoting *Anderson*, 477 U.S. at 249). Once the movant properly makes and supports a motion for summary judgment, the opposing party bears the burden of showing that a genuine dispute exists. *Matsushita*, 475 U.S. at 586-87. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; summary judgment instead requires the absence of any genuine issue of material fact. *Anderson*, 477 U.S. at 247-48. Indeed, the Court must grant summary judgment if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To defeat an otherwise properly supported motion for summary judgment, the non-moving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of some "metaphysical doubt" concerning a material fact. *Lewis v. City of Va. Beach Sheriff's Office*, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). A "material fact" consists of one that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 247-48; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). The substantive law determines the materiality of a fact, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact only arises when the evidence, viewed in the light most favorable to the non-moving party, offers a sufficient basis for a reasonably jury to return a verdict in that party's favor. *Anderson*, 477 U.S. at 248.

III. ANALYSIS

Defendant moves for summary judgment on the basis that Plaintiff failed to set forth evidence in support of her negligence claim, because Plaintiff failed to demonstrate that an unsafe condition caused her fall. (Def.'s Br. at 4-5.) Additionally, Defendant argues that Plaintiff has not demonstrated that Defendant had a duty to warn of the condition, and also argues that Plaintiff's own negligence contributed to the fall. (Def.'s Br. at 5-7.) Plaintiff contends that disputed material facts exist. (Pl.'s Br. at 1.) Specifically, she argues that the curb's slope and slick paint created an unsafe condition, and that she did not realize the danger that the curb posed before her fall. (Pl.'s Br. at 3-4.) However, Plaintiff has failed to present evidence in support of these assertions.

As the non-movant, Plaintiff has a duty to offer evidence establishing a triable issue and to cite to "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); E.D. Va. Loc. R. 56(B); *see also Campbell*, 812 F. Supp. 2d at 759 n.5 ("The Court . . . place[s] a burden on the parties to establish whether a fact is genuinely in dispute by reasonably identifying in the record where such fact finds support.") While Plaintiff has submitted evidence with her brief, that evidence has limited utility. In fact, she has failed to meet her burden of demonstrating that the curb presented an unsafe condition or the yellow paint used on the curb caused her to fall. Therefore, the Court will fulfill its "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).

As an initial matter, the Court must make clear that it will apply Virginia tort law to this claim. "It is axiomatic that, when sitting in diversity jurisdiction, federal courts must apply state substantive law as announced by the state's highest court." *Insteel Indus., Inc. v. Constanza Contracting Co.*, 276 F. Supp. 2d 479, 483 (E.D. Va. 2003) (citing *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).[3] Thus, a federal court sitting in Virginia will apply the law of the place of the wrong to actions sounding in tort. *Ford Motor Co. v. National Indem. Co.*, 972 F. Supp. 2d 850, 855-56 (E.D. Va. 2013). Here, the alleged wrongdoing took place in Virginia, so the Court will examine whether Plaintiff has shown a genuine issue of a material fact that would allow her to prevail under Virginia law.

---

[3] The Court exercises diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Virginia, and Defendant is a citizen of New Jersey with its principal place of business in Pennsylvania. (Notice of Removal ¶¶ 3-4.) Plaintiff seeks $150,000 in damages. (Compl. (ECF No. 1-1).)

a. Plaintiff Fails to Establish that the Curb Constituted a Dangerous Condition.

To prevail on a claim for negligence under Virginia law, Plaintiff must establish: (1) that Defendant owed Plaintiff a duty, (2) that Defendant breached that duty, and (3) that this breach proximately caused Plaintiff to suffer damages. *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293, 585 S.E.2d 545, 548 (Va. 2003) (citing *Fox v. Custis*, 236 Va. 69, 73, 372 S.E.2d 373, 375 (Va. 1988); *Trimyer v. Norfolk Tallow Co.*, 192 Va. 776, 780, 66 S.E.2d 441, 443 (Va. 1951)). In the context of businesses, this requires a storeowner to maintain the premises in a reasonably safe condition for invitees' visits. *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88, 677 S.E.2d 272, 274 (Va. 2009). A customer occupies the position of an invitee while in the parking lot of a store, giving rise to the storeowner's duty to exercise reasonable care to keep the parking lot in a reasonably safe condition. *Acme Markets v. Remschel*, 181 Va. 171, 177, 24 S.E.2d 430, 433 (Va. 1943). If a storeowner negligently allows an unsafe condition to exist, and that condition injures the plaintiff, then that plaintiff may recover for the injury. *Id.* Storeowners do not, however, act as an insurer of the safety of their visitors. *Fultz*, 278 Va. at 89, 677 S.E.2d at 274; *Indian Acres of Thornburg, Inc. v. Denion*, 215 Va. 847, 850, 213 S.E.2d 797, 799 (Va. 1975). Therefore, in addition to proving duty, breach and causation, the plaintiff in a premises liability case must also "prove the existence of an unsafe or dangerous condition on the premises." *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 451-52 (4th Cir. 2004) (citing *Kendrick v. Vaz, Inc.*, 244 Va. 380, 385, 421 S.E.2d 447, 450 (Va. 1992)).

Here, the parties only dispute the existence of an unsafe condition. Defendant clearly had a duty to Plaintiff, as a customer in its parking lot, to keep its premises in a reasonably safe condition. Plaintiff argues that Defendant breached this duty by constructing an unsafe curb in the parking lot. (Pl.'s Br. at 2.) Defendant contends that the curb does not constitute an unsafe

7

condition, and thus it did not breach its duty to Plaintiff. (Def.'s Br. at 4-5.) For the purposes of this motion, Defendant does not dispute that Plaintiff suffered some form of injury in the parking lot. Thus, whether the curb constitutes an unsafe condition presents the only potential factual dispute.

Plaintiff must present evidence that the curb constituted an unsafe condition that caused her fall. "To recover against the owner, an injured invitee must show that the owner had knowledge, actual or constructive, that a defect existed and that such defect created an unsafe condition." *Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (Va. 1977). Furthermore, "[a] plaintiff must show why and how the incident happened . . . [I]f the cause of the event is left to conjecture, guess, or random judgment, the plaintiff cannot recover." *Town of West Point v. Evans*, 224 Va. 625, 628, 299 S.E.2d 349, 351 (Va. 1983) (citing *Sneed v. Sneed*, 219 Va. 15, 17, 244 S.E.2d 754, 755 (Va. 1978)); *Hodge*, 360 F.3d at 451. "Negligence cannot be presumed from the mere happening of an accident." *Weddle v. Draper*, 204 Va. 319, 130 S.E.2d 462, 465 (Va. 1963). To prove that the curb created a danger, Plaintiff must establish that Defendant's conduct deviated from the ordinary standard of care. *Morrison-Knudsen Co., Inc. v. Wingate*, 254 Va. 169, 173, 492 S.E.2d 122, 124 (Va. 1997).

In moving for summary judgment, Defendant presented evidence that the curb does not constitute an unsafe condition. Defendant retained an expert witness, engineer Charlie Crim, to offer his opinion on the safety of the curb. Mr. Crim's report (Report of Charles Crim ("Crim Rep.") (ECF No. 12-3)) provides support for Defendant's contention that the curb did not present an unsafe condition in the parking lot. Specifically, Mr. Crim concluded to a reasonable degree of professional certainty that the engineer and architect specifically included the area of the raised landscape island and details on the drawings. (Crim Rep. at 2.) These raised island areas

appear to meet or comply with the site plan requirements that Spotsylvania County approved, and they met all applicable building codes in place at the time. (Crim Rep. at 2-3.) Additionally, Spotsylvania County inspected and approved the finished site, including the raised landscape areas, for a certificate of occupancy with no deficiencies or revisions noted. (Crim. Rep at 3.) Further, bright yellow traffic marking paint delineated the raised landscape island area, in accord with normal practices for striping and marking of parking areas, and in accord with industry standards. (Crim Rep. at 3.) The curb extends 13 and ¼ inches wide from the parking lot to the brick sidewalk, and changes 5 and ¾ inches in elevation. (Crim Rep. at 2.) This report supports the argument that an unsafe condition did not exist, shifting the burden to Plaintiff to point to particular evidence that calls into question the safety of the curb.[4]

Plaintiff provides no evidence of her own that the curb creates a danger, instead asking the Court to presume so simply because she fell. Plaintiff does not define the ordinary standard of care with respect to curbs and fails to offer any proof that Defendant deviated from that standard. She presents no experts to opine on the hazardous nature of the curb. She points to no specific code violation or deficiency found by any authority, or even any code that she believes the curb violates. Though Plaintiff submitted many records with her brief, she does not utilize these to demonstrate that Defendant failed to meet its standard of care. Instead, she merely points to evidence that the inspections, approvals and codes relied upon by Defendant may not have directly addressed the specific curb in question. (Pl.'s Br. at 3.) She makes an unsubstantiated allegation that the curb does not comply with ADA guidelines. (Pl.'s Br. at 3.) However, later in her argument, Plaintiff attempts to diminish the importance of the county's

---

[4] Defendant also submitted photographic evidence of the curb in question. These pictures bolster its argument that the curb presented no inherent danger to pedestrians exercising reasonable caution.

9

approval of the parking lot by arguing that the county only approved it for compliance with the ADA guidelines and erosion plans. (Pl.'s Br. at 3.) While she does point to the potential danger that the yellow paint poses when wet, she cannot allege that this paint caused her to fall, because of the dry conditions on that day. (Pl.'s Br. at 3; Pl.'s Dep. 31:9-17.) Instead of presenting her own concrete evidence as to the danger presented by the curb, she relies on conclusory allegations in asking the Court to speculate or infer doubt as to Defendant's evidence. But the Court cannot do so in examining the case for issues of material facts. *Lewis*, 409 F. Supp. 2d at 704 (explaining how the non-movant can establish a genuine issue of material fact).

The facts in this case lack significant conflict. The parties do not disagree as to the measurements, shape, composition, placement or color of the curb. Rather, the parties concern themselves with the inferences flowing from the facts. Plaintiff asks the Court to infer that the curb presents an unreasonable hazard, such that Wawa should have anticipated that installing it would cause accidents. Defendant only asks the Court to infer that a customer taking reasonable precautions would not injure herself on the curb. The Court cannot, and no reasonable jury would, make the leap asked by Plaintiff. Such a leap would improperly require Wawa to establish itself as the insurer of the safety of all its customers. In Virginia, the law simply does not require a business owner to compensate a customer for any possible injury she may suffer on the premises. *See Fultz*, 278 Va. at 88-89, 677 S.E.2d at 274 ("As we explained long ago, a storeowner is not an insurer of the invitee's safety on the premises.")

Therefore, the Court finds that Plaintiff has not met her burden to show the existence of a triable fact with respect to the unsafe condition of the curb. Based on the evidence that Plaintiff has presented, no reasonable jury could find that the curb presented an unsafe condition. Without the existence of an unsafe condition, Plaintiff cannot prove that Wawa breached its duty

to her to keep the premises reasonably safe. Thus, Plaintiff cannot prevail in her case, because she cannot prove an essential element of negligence. However, even if Plaintiff had produced sufficient evidence to raise a jury question as to whether the curb constituted a dangerous condition, the Court would still grant summary judgment based on the open and obvious nature of the curb.

b. Plaintiff Cannot Prevail Due to the Open and Obvious Nature of the Curb.

Defendant also moves for summary judgment on the grounds that the open and obvious nature of any possible unsafe condition created by the curb precludes recovery as a matter of law. (Def.'s Br. at 5-7.) Plaintiff responds that, even though she could see the curb, she did not know that it could cause her to fall. (Pl.'s Br. at 4.) Assuming, *arguendo*, that the curb constituted an unsafe condition that triggered Wawa's duty to warn its customers, the parties dispute whether it appeared open and obvious. For the reasons set forth below, the Court finds that the open and obvious nature of the curb precludes a finding of negligence on Defendant's part as a matter of law.

A storeowner does not act as the insurer of the customer's safety, but does have a duty to warn customers of an unsafe condition. *Fultz*, 278 Va. at 89, 677 S.E.2d at 274. However, notice of an unsafe condition "is not required where the dangerous condition is open and obvious, and is patent to a reasonable person exercising ordinary care for his own safety." *Id.* (citations omitted).

Here, the Court does not need to make any leaps or choose any inferences in making the open and obvious determination. Plaintiff's own deposition, read without making any inferences, provides a sufficient basis to find the curb open and obvious as a matter of law. First, the accident occurred on a sunny afternoon, and lighting played no part in the fall. (Pl.'s Dep.

11

31:11-15, 32:1-5.) Plaintiff testified that she could see the yellow curb when she pulled into the parking space. (Pl.'s Dep. 38:14-21.) As she approached from the other side when returning to her car, she could see the yellow curb. (Pl.'s Dep. 39:20-24.) Before her fall, Plaintiff appreciated that the curb had a slope to it. (Pl.'s Dep. 46:5-9.) Additionally, photographs of the curb submitted by Defendant clearly show a curb with a readily discernible slope to it. (Def.'s Br. Ex. 2, 4-8.) Plaintiff makes no allegations that something obstructed her view of the curb.

The open and obvious inquiry does not present a material factual dispute for trial. Plaintiff asks the Court to ignore clear photographic evidence and her own testimony to declare that reasonable people could differ on the obviousness of the curb, which the Court will not do. Therefore, the Court finds that the open and obvious nature of the curb obviated Wawa's duty to warn Plaintiff of any danger that the curb may have posed. Without the ability to establish that Wawa owed her a duty to warn, Plaintiff cannot support a case for negligence against Wawa. Therefore, Plaintiff's claim fails as a matter of law.

c. Plaintiff's Contributory Negligence Defeats Her Claim.

Defendant moves for summary judgment on the grounds that Plaintiff's own negligence contributed to her fall, absolving Wawa of liability as a matter of law. (Def.'s Br. at 5-7.) Plaintiff responds that Wawa constructed the curb, and that she did not realize it would pose any more of a danger than curbs at other Wawa locations. (Pl.'s Br. at 2, 4.) Assuming, *arguendo*, that Plaintiff established Wawa breached its duty by constructing an unsafe curb, Plaintiff's own negligence in the fall defeats her claim.

Generally, a jury should decide the question of negligence. *Webber v. Speed Channel, Inc.*, 472 F. Supp. 2d 752, 756-57 (E.D. Va. 2007). However, the Court can properly resolve the question of negligence and contributory negligence "when there is no controversy in regard to

12

the facts or the inferences that fairly may be drawn from them." *Id.* Importantly, "a person who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law." *Id.* at 757 (quoting *Scott v. City of Lynchburg*, 241 Va. 64, 66, 399 S.E.2d 809, 810 (1991)).

The defendant bears the burden of proving contributory negligence. *Acme*, 181 Va. at 180, 24 S.E.2d at 435. Once the defendant makes a showing of an open and obvious condition, the burden then shifts to the plaintiff to show that something distracted her from exercising reasonable care. *Fultz*, 278 Va. at 90, 677 S.E.2d at 275; *S. Floors & Acoustics, Inc. v. Max-Yeboah*, 267 Va. 682, 686, 594 S.E.2d 908, 910 (Va. 2004). Then, if reasonable minds could differ on whether the plaintiff acted reasonably in assuring her own safety, the question of contributory negligence must go to the jury. *Fultz*, 278 Va. at 90, 677 S.E.2d at 276. However, when a person knows of a condition yet falls anyway, a court will find her contributorily negligent as a matter of law. *Scott*, 241 Va. at 67, 399 S.E.2d at 811 (finding plaintiff guilty of contributory negligence because she knew of the curb but fell on it anyway without a reasonable excuse); *Hill v. City of Richmond*, 189 Va. 576, 584, 53 S.E.2d 810, 814 (Va. 1949) (finding the plaintiff contributorily negligent in his fall because he failed to avoid a hole in the sidewalk that he knew existed).

The facts of the present case lead to the unmistakable conclusion that Plaintiff's own negligence contributed to her fall. Plaintiff saw the curb when she parked her car. (Pl.'s Dep. 38:14-21.) She "knew there was a yellow curb there." (Pl.'s Dep. 39:20-24.) As she approached her car, she knew that she would have to step off the curb to reach her car. (Pl.'s Dep. 46:12-15.) She even knew that the curb sloped. (Pl.'s Dep. 46:5-9.) Plaintiff does not attempt to claim that anything or anyone distracted her while she stepped off the curb. Even if

13

the construction of the curb rendered it dangerous, Plaintiff had full knowledge of whatever attributes made it dangerous. Yet, she fell on the curb anyway. Allowing her to recover would amount to making Wawa the insurer of her safety, regardless of her lack of caution. The Court will not absolve Plaintiff of the responsibility to care for her own safety.

Therefore, with no material fact in dispute, the Court finds that Plaintiff's knowledge of these conditions amounts to contributory negligence, and bars recovery as a matter of law. *See Scott*, 241 Va. at 67, 399 S.E.2d at 811 (affirming the trial court's entering of summary judgment based on contributory negligence, because the plaintiff knew of a curb but still fell on it).

d. The Yellow Paint did not Cause Plaintiff's Fall.

Finally, the Court must address Plaintiff's point regarding the paint that Wawa used for the curb. Plaintiff argues that Wawa negligently painted the curb with paint unfit for pedestrian areas, because it becomes slippery when wet. (Pl.'s Br. at 3.) This argument represents Plaintiff's best chance to survive summary judgment, as it could raise a jury question under different circumstances. However, the argument fails for the reasons set forth below.

In support of this argument, Plaintiff cites the Material Safety Data Sheet for the paint used on the curb. (Pl.'s Br. at 3.) The Material Safety Data Sheet warns that the paint could become slippery when wet. (Pl.'s Ex. 13 at 4.) Therefore, the sheet cautions against using it on large areas subject to pedestrian traffic, such as floors or entire traffic stalls.[5] (Pl.'s Ex. 13 at 4.) While it remains unclear whether using the paint on a small swath of a curb would constitute a breach of duty in light of the manufacturer's warning, it would present enough of a question to

---

[5] Plaintiff contends that this warning means that a business should not use the paint in *any* area subject to pedestrian traffic, even though the warning only cautions against using it in *large* pedestrian areas. (Pl.'s Br. at 2.) Despite believing that Plaintiff reads the warning too liberally, the Court will nonetheless apply her interpretation to the analysis.

14

allow Plaintiff's case to proceed to a jury with a different set of facts. But under the present facts, Plaintiff cannot prove the causation element.

With any negligence claim, a plaintiff must show that the defendant breached a duty to the plaintiff that proximately caused her damages. *Atrium Unit Owners Ass'n*, 266 Va. at 293, 585 S.E.2d at 548. A plaintiff cannot stop at showing that a defendant breached a duty to her, but also "must prove that the defendant's breach of duty was more likely than not (i.e., probably) the cause of injury." *Murray v. U.S.*, 215 F.3d 460, 463 (4th Cir. 2000). "Negligence is actionable only when it constitutes a proximate cause of the accident." *Roll 'R' Way Rinks, Inc.*, 218 Va. at 329, 237 S.E.2d at 162.

Plaintiff must establish the improper paint as the reason for her fall. She would need to show: (1) Wawa failed to heed the paint manufacturer's warnings; (2) this failure resulted in the occurrence of the warned-of conditions (i.e., slippery when wet); and, (3) the warned-of conditions caused her accident. Indeed, she must show that she slipped as a result of the paint becoming slippery. She cannot make this showing based on the facts surrounding her accident.

Plaintiff's own testimony again belies her argument, because the paint clearly did not become slippery due to wetness. In her deposition, Plaintiff testified repeatedly to the dryness of the area. (Pl.'s Dep. 31:14-25.) She answered "yes" when asked, "the pavement was dry?" (Pl.'s Dep. 31:16-17.) More specifically, she answered affirmatively when asked both, "the area where you fell, was that dry as well?" and, "the area where you fell was not wet at the time of the accident?" (Pl.'s Dep. 31:18-20, 23-25.) To add even more clarity, she testified that water did not play any role in her fall. (Pl.'s Dep. 31:21-22.) Even while making all possible inferences in Plaintiff's favor, no reasonable jury could conclude that the paint's susceptibility to becoming slippery when wet contributed in any way to Plaintiff's fall. As a matter of law, therefore,

Plaintiff cannot establish that the paint acted as the proximate cause of her accident, and the argument about the paint cannot survive summary judgment.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff has failed to present sufficient evidence to establish that a dangerous condition existed, that Defendant had a duty to warn of that dangerous condition because it was not open and obvious, that her own negligence did not contribute to her fall and that the paint used by Defendant proximately caused Plaintiff's damages. Therefore, the Court GRANTS Defendant's Motion for Summary Judgment (ECF No. 11).

Let the Clerk file this Memorandum Opinion electronically, notify all counsel accordingly and mail a copy of this Opinion to *pro se* Plaintiff at her address of record.

This case is CLOSED.

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: April 21, 2016